O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS RUSSELL DEAN WILSON,<br>　　　　　Plaintiff,<br>　v.<br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br>　　　　　Defendant. | Case No. EDCV 12-2289-OP<br><br>MEMORANDUM OPINION AND ORDER |

The Court[1] now rules as follows with respect to the two disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 8, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record and the Joint Stipulation filed by the parties. (ECF No. 6 at 3.)

# I.
# **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed raised by Plaintiff as the grounds for reversal and/or remand are as follows:

(1) Whether the Administrative Law Judge ("ALJ") correctly considered the opinions of treating physician; and

(2) Whether the ALJ provided clear and convincing reasons for rejecting Plaintiff's testimony.

(JS at 4.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

/ / /
/ / /

# III.

# DISCUSSION

**A.	The ALJ's Findings.**

The ALJ found that Plaintive has severe impairments including degenerative disc disease, persistent leukocytosis, and a depressive disorder not otherwise specified. (AR at 12.)

The ALJ concluded that Plaintiff has the residual functional capacity to perform sedentary work, with the following limitations: lift or carry no more than ten pounds occasionally; stand or walk about two hours of an eight hour work day; sit for about six hours of an eight hour work day with normal breaks; would need the opportunity to alternate between sitting and standing at one hour intervals for one to five minutes; could occasionally kneel, stoop, crawl, and crouch; occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; no limitations on the use of his hands for fine or gross manipulations; must avoid unprotected heights; and is able to perform simple, routine, repetitive tasks, and respond appropriately to supervisors, co-workers, and the general public. (Id. at 13.)

Relying on the testimony of the vocational expert ("VE"), the ALJ determined Plaintiff was unable to perform his past relevant work. (Id. at 16.) Based on the VE's testimony, the ALJ concluded that there are jobs in the national economy that exist in a significant number that Plaintiff could perform, such as Cashier II, Telephone Solicitor, and Bench Assembler of small products. (Id. at 16-17.)

/ / /
/ / /
/ / /
/ / /
/ / /

**B.     The ALJ Properly Evaluated the Medical Evidence.**

   **1.     Background.**

On January 28, 2011,[3] David Lanum, M.D., Plaintiff's treating physician, opined that due to Plaintiff's "severe traumatic course involving not only previous diskectomy but with osteomyelitis, diskitis of the bone as well as sepsis, that he should indeed by considered disabled." (Id. at 373.) In a May 21, 2010, "to whom it may concern" letter, after outlining Plaintiff's history of surgery and follow up, Dr. Lanum stated: "It is my professional opinion that he will be disabled for a period of at least one year." (Id. at 358.) Plaintiff contends that the ALJ failed to properly consider the opinions of Dr. Lanum regarding Plaintiff being disabled. (JS at 5 (citing AR at 182-254, 255-300, 355-56, 357-58, 359-70, 371-86).)

Plaintiff also states that the ALJ did not explicitly make clear whether she rejected or accepted the opinion of Bunsri T. Sophon, M.D., the orthopedic consultative examiner, who opined Plaintiff could lift and carry fifty pounds occasionally, twenty-five pounds frequently, and restricted Plaintiff to sitting, standing, and walking six hours of an eight-hour work day. (Id. (citing AR at 306).) Plaintiff notes that H.M. Estrin, M.D., the State Agency physician, did not agree with Dr. Sophon, and limited Plaintiff to light work. (Id. (citing AR at 325).)

Plaintiff specifically contends that the ALJ improperly rejected Dr. Lanum's findings because "of a few instances where Dr. Lanum's progress notes mentioned stability and doing well." (Id. at 8 (citing AR at 15.) Plaintiff notes that Dr. Lanum's records provide the sole longitudinal medical evidence

---

[3] Patient contends Dr. Lanum's opinion of disability was rendered on February 16, 2011. (JS at 6.) The Court notes that this treatment note at AR 373 is actually dated January 28, 2011. (AR at 373.)

4

of Plaintiff's problems. (Id. at 9.) He argues that the ALJ's "sole reason" offered for rejecting Dr. Lanum's opinion does not amount to a specific and legitimate reason for rejecting those findings, "because the record contains evidence that as of February 16, 2011," Plaintiff continued to be disabled. (Id.)

With respect to Dr. Lanum's opinions, the ALJ stated the following:

> Dr. Lanum, the claimant's attending physician, was of the opinion that the claimant would be disabled for a period of at least one year in his May 21, 2010 correspondence.
>
> . . . .
>
> . . . After carefully reviewing the medical evidence of record, Dr. Sophon noted that on April 28, 2009, Dr. Lanum indicated that the claimant's condition was stable with current pain medication. . . .
>
> Medical records submitted by Dr. Lanum . . . document evidence of spinal osteoarthritis status post discitis associated with chief complaints of severe low back pain while sitting with the radiation into the bilateral feet with some loss of sensation. However, progress notes repeatedly document that the claimant is stable on chronic pain medication. Progress notes on February 15, 2011 indicate that pain is controlled and that the claimant is "overall doing well" despite his inconsistent comments on January 28, 2011 that given the claimant's history, he should be considered disabled. . . . Even earlier, Dr. Lanum's progress notes dated November 15, 2010 indicated that the claimant is stable on current pain medication and did not offer any acute complaints. Progress notes dated August 18, 2010 indicate chronic low back pain status post laminectomy stable, depression stable on Elavil and hypertension well-controlled.

(AR at 14-15 (citations omitted).)

## 2. **Legal Standard.**

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). Where the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). Contrary opinions of examining and non-examining physicians may "serve as additional specific and legitimate reasons" for rejecting the opinions of treating and examining physicians. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

In Orn v. Astrue, 495 F.3d 625 (9th Cir. 2007), the Ninth Circuit reiterated and expounded upon its position regarding the ALJ's acceptance of the opinion of an examining physician over that of a treating physician. "When an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not "'substantial evidence.'" Orn, 495 F.3d at 632; Murray v. Heckler, 722 F.2d 499, 501-02 (9th Cir. 1983). "By contrast, when

an examining physician provides 'independent clinical findings that differ from the findings of the treating physician' such findings are 'substantial evidence.'" Orn, 495 F.3d at 632; Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985). Independent clinical findings can be either (1) diagnoses that differ from those offered by another physician and that are supported by substantial evidence, see Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1985), or (2) findings based on objective medical tests that the treating physician has not himself considered, see Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

If a treating physician's opinion is not giving controlling weight because it is not well supported or because it is inconsistent with other substantial evidence in the record, the ALJ is instructed by 20 C.F.R. section 404.1527(d)(2) to consider the factors listed in section 404.1527(d)(2)-(6) in determining what weight to accord the opinion of the treating physician. Those factors include the "[l]ength of the treatment relationship and the frequency of examination" by the treating physician; and the "nature and extent of the treatment relationship" between the patient and the treating physician. 20 C.F.R. 404.1527(d)(2)(i)-(ii). Other factors include the supportablility of the opinion, consistency with the record as a whole, the specialization of the physician, and the extent to which the physician is familiar with disability programs and evidentiary requirements. Id. § 404.1527(d)(3)-(6). Even when contradicted by an opinion of an examining physician that constitutes substantial evidence, the treating physician's opinion is "still entitled to deference." Soc. Sec. Ruling 96-2p; Orn, 495 F.3d at 632-33. "In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." Soc. Sec. Ruling 96-2p; Orn, 495 F.3d at 633.

///

**3.    Analysis.**

Here, the ALJ noted that in his May 21, 2010, "correspondence," Dr. Lanum expressed his opinion that Plaintiff would be disabled for a period of at least one year. (AR at 14.) Prior to stating this opinion, Dr. Lanum merely recited Plaintiff's disc history (including surgery in February 2007 and "repeat surgical instrumentation" "[f]ollowing the surgery." (Id. at 358.) Nowhere did Dr. Lanum otherwise specify any of the functional limitations that rendered Plaintiff disabled. The issue of whether a claimant is disabled within the meaning of the Social Security Act is an issue reserved for the Commissioner, and, therefore, the opinion of a treating physician that a claimant is disabled will not be given special significance. Soc. Sec. Ruling 96-5p ("treating source opinions on issues reserved to the Commissioner are never entitled to controlling weight or special significance"); 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1). Thus, the ALJ properly gave this opinion no "special significance."

The ALJ also found inconsistencies between Dr. Lanum's opinion and his own treatment records. For instance, the ALJ noted that on April 28, 2009, Dr. Lanum stated that Plaintiff's condition was stable with his current medication; on February 15, 2011, Dr. Lanum's treatment note stated that Plaintiff's pain is controlled, and that he is "overall doing well," despite Dr. Lanum having stated a few days earlier, on January 28, 2011, that Plaintiff should be considered disabled; his November 15, 2010, progress notes indicated Plaintiff is stable on current medication and did not offer any acute complaints; and his August 18, 2010, progress notes indicated chronic low back pain status post laminectomy stable. (AR at 15 (citations omitted).) Other treatment notes by Dr. Lanum also reflect that Plaintiff's condition is stable, that he is doing well, or that he is in no distress. (Id. at 331, 332, 333, 372, 375, 377, 381; see also other examples infra Part III.C.2.) An ALJ may properly discount a treating physician's opinion that is not supported by clinical findings. See

Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005); Thomas, 278 F.3d at 957 (ALJ need not accept treating physician's opinion that is inadequately supported by clinical findings).

Finally, the ALJ noted that Dr. Lanum's opinion of disability was not supported by other objective evidence. For instance, Dr. Sophon's consultative examination found among other things that Plaintiff was in no acute or apparent distress; his gait was normal; there was no evidence of weakness in his ankle flexors or extensors; he was able to sit comfortably throughout the exam; straight leg raising was negative in both the sitting and supine positions bilaterally;[4] examination of the spine showed no evidence of swelling, mass, or tenderness; there was no evidence of muscle atrophy or spasm; motor strength was grossly within normal limits; and Dr. Sophon found Plaintiff capable of performing a full range of medium work. (AR at 15 (citations omitted).) An examining physician's opinion constitutes substantial evidence when it is based on independent clinical findings. Orn, 495 F.3d at 631; Andrews, 53 F.3d at 1041; Tonapetyan, 242 F.3d at 1149 (a consultative examiner's opinion "constitutes substantial evidence, because it rests on its own independent examination" of the claimant). In such a case, it is solely the province of the ALJ to resolve the conflict.

The ALJ also found that the State Agency physicians suggested a light RFC, both on initial review and on reconsideration. (AR at 15 (citation omitted).) Despite these physicians' opinions that Plaintiff was capable of light work, and Dr. Sophon's opinion that Plaintiff was capable of a full range of medium work, the ALJ nevertheless gave Plaintiff the benefit of the doubt

---

[4] The straight leg raise is a test of the low back that stretches the nerve root. The Merck Manual of Diagnosis and Therapy, 1490 (17th Ed. 1999). A negative result indicates no pain (and thus no nerve involvement) upon this type of movement. Id.

"after generously considering [his] testimony and statements of record" when she found him capable of only a limited range of sedentary work. (Id.) Based on the foregoing, the Court finds that the ALJ provided specific and legitimate reasons for rejecting Dr. Lanum's opinion. Thus, there was no error.

**C.     Plaintiff's Credibility.**

    **1.     Legal Standard.**

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Once a claimant has presented medical evidence of an underlying impairment which could reasonably be expected to cause the symptoms alleged, the ALJ may only discredit the claimant's testimony regarding subjective pain by providing specific, clear, and convincing reasons for doing so. Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991). An ALJ may properly consider "testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant] complains," and may properly rely on inconsistencies between claimant's testimony and claimant's conduct and daily activities. See, e.g., Thomas, 278 F.3d at 958-59 (citation omitted). An ALJ also may consider "[t]he nature, location, onset, duration, frequency, radiation, and intensity" of any pain or

other symptoms; "[p]recipitating and aggravating factors"; "[t]ype, dosage, effectiveness, and adverse side-effects of any medication"; "[t]reatment, other than medication"; "[f]unctional restrictions"; "[t]he claimant's daily activities"; "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment"; and "ordinary techniques of credibility evaluation," in assessing the credibility of the allegedly disabling subjective symptoms. Bunnell, 947 F.2d at 346-47; see also Soc. Sec. Ruling 96-7p; 20 C.F.R. 404.1529 (2005); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and the lack of side effects from prescribed medication).

   **2.   Analysis.**

Plaintiff complained that activity makes his pain worse, and medication alleviates the pain temporarily (AR at 198); he does not help his kids get ready because his wife does those tasks (id. at 33); his wife does most of the cooking, chores, and grocery shopping (id. at 33-34), and takes care of him all the time (id. at 36). Plaintiff testified that his pain was not stabilized and continued to become worse (id. at 41), and stated his medication does not make him stable or help him completely, in fact it makes him drowsy and dizzy (id. at 15, 44); he stated he can sit for 30-40 minutes comfortably (id. at 48), but would be unable to sit or stand for any amount of time and because of the pain he has to lay

down most of the day (id. at 138); he estimated his pain level to be a seven on a scale of one to ten, and stated he used a cane since 2005 until surgery in 2007 (id. at 15).

With respect to Plaintiff's credibility, the ALJ stated the following:

> Despite the claimant's testimony, he was able to travel to the state of Kentucky for 30 days in 2009 and a preclusion from work at unprotected heights or the use of ladders, ropes and scaffolds, takes into account his complaints of drowsiness and dizziness. It appears the use of a cane is self procured as Dr. Sophon noted that one was not necessary and observed the claimant's gait to be normal. Despite his testimony an[d] estimated pain level of a seven, Dr. Lanum's progress notes indicate that pain control is stabilized with the use of medication.

(Id. at 16.)

Plaintiff contends that the ALJ failed to articulate clear and convincing reasons for rejecting Plaintiff's testimony of pain and limitation. He states that his trip to Kentucky and his failure to carry on certain daily activities are not clear and convincing reasons for discrediting his testimony, especially where there is no evidence to support any finding that his activities in Kentucky were transferable to a work setting. (JS at 17.)

Preliminarily, the ALJ discounted Plaintiff's credibility in part, presumably because his reported activity of travel to Kentucky was inconsistent with his allegations of disabling pain. (AR at 15.) Daily activities may be grounds for an adverse credibility finding "if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989); see also Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (adverse credibility finding based on daily activities may be

proper "if a claimant engaged in numerous daily activities involving skills that could be transferred to the workplace"). Thus, while the reason given by the ALJ may be a clear reason for discounting Plaintiff's credibility, the Court does not find it to be especially convincing. As noted by Plaintiff, there was no evidence to support a finding that Plaintiff's activities in Kentucky were transferable to a work setting, nor any evidence that he spent a substantial part of his day in Kentucky engaged in transferable skills. (JS at 17.)

The Ninth Circuit has held, however, that if one of the ALJ's reasons is invalid, the question is whether the ALJ's decision remains legally valid, despite such error. Batson v. Barnhart, 359 F.3d 1190, 1197 (9th Cir. 2004) (even if one of the ALJ's reasons for discrediting testimony is found invalid, the ALJ's decision must still be upheld if otherwise supported by substantial evidence such that the error was harmless and the error "does not negate the validity of the ALJ's ultimate conclusion.").

In this case, Plaintiff's travel to Kentucky was not the only reason given by the ALJ for discounting Plaintiff's testimony. She also found that Plaintiff's pain was controlled by medication. (AR at 15 ("progress notes repeatedly document that [Plaintiff] is stable on chronic pain medication" and "progress notes . . . indicated that [Plaintiff] is stable on current pain medication and did not offer any acute complaints") (citations omitted).) An ALJ may properly rely on the fact that medication is helpful to discount a claimant's credibility. Tidwell, 161 F.3d at 602 (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); see Johnson, 60 F.3d at 1432 (ALJ may properly rely on the fact that only conservative treatment had been prescribed). Thus, the Court finds this reason for discounting Plaintiff's credibility was clear and convincing.

Next, the ALJ found that Plaintiff's testimony regarding the extent of his pain (seven on a scale of ten) was inconsistent with his treating physician's

13

progress notes, and with Dr. Sophon's findings. (AR at 15-16.) A review of Dr. Lanum's progress notes shows the following: on August 12, 2008, Plaintiff stated that as long as he gets his medications, his pain is well controlled (id. at 264); on September 15, 2008, he was in no acute distress, had negative leg raising, and strength 5/5 of lower extremities (id. at 263); on October 1, 2008, and October 14, 2008, he wanted to begin weaning down on his pain medication, although he also stated he cannot lift his children (id. at 261-62); on December 2, 2008, he stated his pain was controlled with his medication (id. at 258); on April 28, 2009, Plaintiff stated he was able to participate in childcare and carry out activities of daily living under his current pain medications, which his girlfriend confirmed – Dr. Lanum found him stable with his current pain medication and noted his gait was "much better" than seen in the past (id. at 256); on June 1, 2009, and June 30, 2009, Plaintiff stated his back was "controlled" with current medications (id. at 335, 337); on August 25, 2009, he was in no apparent distress and had just returned from out of state (id. at 333); on September 25, 2009, and October 26, 2009, he was in "no apparent distress" (id. at 331, 332); on December 15, 2009, he told Dr. Lanum that his "overall back pain is controlled with his current medications" (id. at 330); on March 23, 2010, he was in no apparent distress (id. at 381); on May 21, 2010, he stated "his pain is controlled but also needs a letter written for disability purposes as he cannot work" (id. at 379); on September 9, 2010, and November 15, 2010, he was in no apparent distress (id. at 376, 378); on December 17, 2010, Dr. Lanum found Plaintiff's "[b]ack pain is at its baseline" (id. at 374); on January 28, 2011, Plaintiff stated he could not work as his back pain precludes him from any sort of lifting, twisting, or bending motions, and stated he "even has marked difficulty . . . holding his small children for short periods of time" (id. at 373); and on February 15, 2011, Plaintiff stated his pain is controlled and he was in no apparent distress (id. at 372).

Although an ALJ "may not reject a claimant's subjective complaints based *solely* on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell, 947 F.2d at 345 (emphasis added), such a factor remains relevant. Burch, 400 F.3d at 680-81 (ALJ may properly rely on inconsistency between claimant's subjective complaints and objective medical findings); Morgan, 169 F.3d at 600 (ALJ may properly rely on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record). Here, the ALJ did not rely solely on the lack of medical evidence supporting Plaintiff's complaints in rejecting his credibility; as previously discussed, she also relied on the fact that medication helped his condition. Accordingly, this also was a clear and convincing reason for rejecting Plaintiff's credibility.

Finally, on April 28, 2009, Dr. Sophon found Plaintiff's gait to be normal, noted he was able to walk on his tiptoes and heels without difficulty and without evidence of ankle weakness, found no evidence of muscle atrophy, straight leg raising was negative, and motor strength was grossly within normal limits. (Id. at 301-07.) The findings of an examining physician based on independent clinical findings that differ from that of the treating physician is substantial evidence. Orn, 495 F.3d at 632. Moreover, although Plaintiff had used a cane for a period of time, he stated he had not needed one since his surgery in 2007. (Id. at 15.) The ALJ also took into account Plaintiff's complaints that his medications make him drowsy or dizzy when she precluded him from work at unprotected heights or from using ladders, ropes, and scaffolds. (Id.)

Based on the foregoing, the Court finds that the ALJ's credibility finding, wherein she found Plaintiff partially credible, was supported by substantial evidence, and was sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective testimony. Thus, there

was no error.

## IV.
## ORDER

Based on the foregoing, IT IS THEREFORE ORDERED, that judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

Dated: August 8, 2013

/s/ Oswald Parada
HONORABLE OSWALD PARADA
United States Magistrate Judge